[Cite as *In re S.U.*, 2014-Ohio-5748.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


|                          |   |                          |
|--------------------------|---|--------------------------|
| IN RE:                   | : |                          |
| S.U., et al.             | : | CASE NO.  CA2014-07-055  |
|                          | : | O P I N I O N<br>12/30/2014 |
|                          | : |                          |
|                          | : |                          |


APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 2012 JC04394


Mary Lou Cooper, 2400 Clermont Center Drive, #204A, Batavia, Ohio 45103, guardian ad litem (CASA)

Brafford & Phillips, Suellen M. Brafford, 285 East Main Street, Batavia, Ohio 45103, for appellant, Michael S.

Denver Law Firm, LLC, Scott A. Hoberg, 9146 Cincinnati-Columbus Road, West Chester, Ohio 45069, for Destiny U.

D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas A. Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for appellee, Clermont County Dept. of Job and Family Services


**HENDRICKSON, J.**

{¶ 1}   Appellant, the biological father of M.S., appeals a decision of the Clermont

County Court of Common Pleas, Juvenile Division, granting permanent custody of the child to

a children services agency.

{¶ 2} Clermont County Children's Protective Services filed a complaint on April 18, 2012, alleging that M.S. was a neglected child and his half-sibling, who has a different father, was a dependent child. The complaint indicated that the agency had been working with the children's mother, who was then living in a homeless shelter. The agency received reports that M.S., who was seven months old, was not being fed enough and was very thin. M.S. was taken to the pediatrician and on examination, weighed 12 pounds and 15 ounces and was diagnosed with failure to thrive. In addition, the complaint alleged that the mother was "kicked out" of the homeless shelter because she threatened to kill other residents.

{¶ 3} On July 5, 2012, M.S. was adjudicated neglected and his half-sister was adjudicated dependent. The agency prepared a case plan and provided services for the mother to assist in reunification. At the time, appellant indicated that he did not want a case plan and he did not participate in any services toward reunification. The mother made little progress on the case plan and after two six-month extensions on the case, the agency filed for permanent custody of the children on August 28, 2013.

{¶ 4} After considering all of the evidence at the hearing, the magistrate granted permanent custody of the children to the agency. The mother filed objections to the magistrate's decision which were overruled. Appellant's attorney did not file objections to the magistrate's decision. However, after a hearing on the mother's objections was scheduled, appellant's attorney filed a request to convey appellant from prison to the objection hearing. The trial court denied the motion on the basis that mother's counsel indicated he was not going to present argument at the hearing. The trial court overruled the mother's objections to the magistrate's decision and granted permanent custody of the children to the agency.

{¶ 5} In this delayed appeal,[1] appellant appeals the trial court's decision to grant permanent custody of M.S. to the agency and raises the following two assignments of error for our review:

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT ERRED WHEN IT GRANTED PERMANENT CUSTODY TO CLERMONT COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES.

{¶ 8} Assignment of Error No. 2:

{¶ 9} FATHER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.

{¶ 10} Before a natural parent's constitutionally protected liberty interest in the care and custody of his child may be terminated, the state is required to prove by clear and convincing evidence that the statutory standards for permanent custody have been met. *Santosky v. Kramer*, 455 U.S. 745, 759, 102 S.Ct. 1388 (1982). An appellate court's review of a juvenile court's decision granting permanent custody is limited to whether sufficient credible evidence exists to support the juvenile court's determination. *In re A.W.*, 12th Dist. Fayette No. CA2014-03-005, 2014-Ohio-3188. A reviewing court will reverse a finding by the juvenile court that the evidence was clear and convincing only if there is a sufficient conflict in the evidence presented. *In re Rodgers* (2000), 138 Ohio App.3d 510, 520 (12th Dist.).

{¶ 11} Pursuant to R.C. 2151.414(B)(1), a court may terminate parental rights and award permanent custody to a children services agency if it makes findings pursuant to a two-part test. First, the court must find that the grant of permanent custody to the agency is in the best interest of the child, utilizing, in part, the factors of R.C. 2151.414(D). Second, the court must find that any of the following apply: the child is abandoned; the child is orphaned;

---

1. This court granted appellant's motion for a delayed appeal on September 18, 2014. The mother's appeal was previously considered and the trial court's decision was affirmed. *In re S.U.*, Clermont No. CA2014-07-047, 2014-Ohio-5166.

the child has been in the temporary custody of the agency for at least 12 months of a consecutive 22-month period; or where the preceding three factors do not apply, the child cannot be placed with either parent within a reasonable time or should not be placed with either parent. R.C. 2151.414(B)(1)(a), (b), (c) and (d); *In re E.B.*, 12th Dist. Warren Nos. CA2009-10-139, CA2009-11-146, 2010-Ohio-1122, ¶ 22.

{¶ 12} The juvenile court considered the statutory factors and found, by clear and convincing evidence, it was in the best interest of M.S. to grant permanent custody to the agency. In addition, the trial court further found that M.S. had been abandoned by appellant.

{¶ 13} For purposes of R.C. 2151.414(B)(1)(b), "abandoned" is defined by R.C. 2151.011(C), which provides that "a child shall be presumed abandoned when the parents of the child have failed to visit or maintain contact with the child for more than ninety days, regardless of whether the parents resume contact with the child after that period of ninety days." The trial court found M.S. had been abandoned by his father because the father failed to maintain contact with the child for more than 90 days.[2]

{¶ 14} In his first assignment of error, appellant argues that the trial court erred in granting permanent custody of M.S. to the agency because children services failed to make reasonable efforts to reunite him with the child. He argues that the agency failed to provide him with a case plan and failed to maintain contact with him during the case. He contends that if the agency had maintained contact, it would have known he was released from prison in September 2014 and could have begun reunification attempts at that time.

{¶ 15} Except for a few narrowly defined statutory exceptions, R.C. 2151.419 requires a children services agency to make reasonable efforts to reunify a family prior to the

---

2. Because this finding did not apply to the child's mother, the court also found that the children have been in the temporary custody of the agency for more than 12 months of a consecutive 22-month period as of the date the agency filed the permanent custody motion.

termination of parental rights.[3] *In re C.F.*, 113 Ohio St.3d 73, 2007-Ohio-1104, ¶ 21. The children services agency has the burden of proving that it made those reasonable efforts. R.C. 2151.419(A)(1). While the court is not required to make a reasonable efforts determination at a hearing on a permanent custody motion, this finding must have been made at other stages of the child-custody proceeding. *In re C.F.* at ¶ 42. In this case, reasonable efforts findings were made prior to the permanent custody hearing and in the magistrate's permanent custody decision.

{¶ 16} When examining whether the agency made reasonable efforts to prevent the removal of the child from the home, the issue is not whether the agency could have done more, but whether it did enough to satisfy the reasonableness standard under the statute. *In re A.D.*, 12th Dist. Fayette No. CA2014-06-014, 2014-Ohio-5083. "Reasonable efforts" does not mean all available efforts. Otherwise, there would always be an argument that one more additional service, no matter how remote, may have made reunification possible. *In re K.L.*, 12th Dist. Clermont No. CA2012-08-062, 2013-Ohio-12, ¶ 18. Moreover, courts have recognized an implied exception to the reasonable efforts requirement where case planning efforts would be futile. *In re T.F.*, 4th Dist. Pickaway No. 07CA34, 2008-Ohio-1238; *see, e.g., In re L.J.*, 12th Dist. Clermont No. CA2007-07-080, 2007-Ohio-5498.

{¶ 17} At the permanent custody hearing, the caseworker testified that appellant was present during the initial stages of the agency's involvement because he was living with the mother at the time. She indicated his only involvement in the case was as the mother's significant other. The caseworker explained that when the issue was discussed, appellant told the agency he did not want a case plan, so no case plan for appellant was ever

---

3. We note that an exception to the reasonable efforts requirement exists when a parent has abandoned a child. R.C. 2151.419(A)(2)(b)(d). However, the exception does not apply in this case because the statute requires the court to make a determination that the agency is not required to make reasonable efforts and the trial court failed to make this finding. R.C. 2151.419(A)(2).

prepared. The caseworker further testified that shortly after the agency obtained custody of the children, appellant moved to Toledo, Ohio. She indicated that appellant has been incarcerated on and off during the case and she believed he was currently scheduled to be released in 2015. She also testified that appellant has never contacted the agency and has had no contact with the child while he has been in foster care.

{¶ 18} The agency's efforts toward reunification in this case were directed solely at the mother. We find these efforts were reasonable under the facts before us. Appellant showed no interest in participating in a case plan, moved several hours away, showed no interest in reunifying with M.S. at any point during the case, and failed to communicate with the children, the agency or his own attorney. Appellant's first assignment of error is overruled.

{¶ 19} In his second assignment of error, appellant claims his trial counsel was ineffective for failing to file a motion to convey him to the permanent custody hearing and for failing to file objections to the magistrate's decision.

{¶ 20} Because parental rights involve a fundamental liberty interest, procedural due process, which includes the right to effective assistance of counsel, applies to permanent custody hearings. R.C. 2151.352; Juv.R. 4; *In re Spillman*, 12th Dist. Clinton App. No. CA2002-06-028, 2003-Ohio-713, ¶ 8. In determining whether counsel's performance is deficient, an appellate court must find that counsel's actions fell below an objective standard of reasonableness and that appellant was prejudiced as a result. *Strickland v. Washington* (1984), 466 U.S. 668-687-688, 104 S.Ct. 2052.

{¶ 21} In demonstrating prejudice, appellant must show that there is a reasonable probability that, but for counsel's errors, the result of the trial would have been different. *Id.* at 694. A strong presumption exists that a licensed attorney is competent and that the challenged action is the product of sound trial strategy and falls within the wide range of professional assistance. *Id.* at 689.

{¶ 22} We find no merit to appellant's argument that his trial counsel was ineffective for failing to file a motion to convey him to the hearing. Appellant cannot establish he was prejudiced, as there is no evidence the result of the hearing would have been different if the motion had been filed.

{¶ 23} First, we note that if the motion to convey had been filed, there is no guarantee it would have been granted. While an incarcerated individual does not have an absolute right to appear in a permanent custody proceeding, that same individual has a fundamental parental right with regards to his children. *In re Sprague*, 113 Ohio App.3d 274 (12th Dist.1996). Generally, no due process violation occurs when an incarcerated parent does not appear at a parental rights termination hearing, as long as the parent has alternate means of participating. *In re S.F.T.*, 12th Dist. Butler Nos. CA2010-02-043, CA2010-02-044, CA2010-02-045, CA2010-02-046, 2010-Ohio-3706. In this case, appellant was represented by counsel, who questioned witnesses on his behalf and protected his rights at the hearing.

{¶ 24} In addition, even if the motion to convey had been filed and granted, appellant has not presented any argument that that the result of the hearing would have been different. The mother failed to complete the case plan and was unable to provide a safe home for the children. As discussed above, appellant showed no desire to work towards reunification with the children at any point in the case and failed to maintain contact with the children and the agency throughout the case.

{¶ 25} Likewise, appellant has not presented any argument that the results of the hearing would have been different if his counsel had filed objections to the magistrate's decision. The mother's attorney filed objections challenging the magistrate's findings with regard to the weight of the evidence and the best interest finding. These objections were fully considered by the trial court. Appellant has not presented any further argument indicating how the result would have been different with regard to the abandonment finding if

counsel had filed objections. Accordingly, we find appellant has not established any prejudice as a result of counsel's failure to file objections to the magistrate's decision. As appellant is unable to establish that he was prejudiced by counsel's failure to file a motion to convey or failure to object to the magistrate's decision, he cannot establish that his trial counsel was ineffective. Appellant's second assignment of error is overruled.

{¶ 26} Judgment affirmed.

RINGLAND, P.J., and PIPER, J., concur.