[Cite as *In re Z.J.*, 2020-Ohio-383.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE Z.J.

A Minor Child

[Appeal by A.G., Father]

:
:
:
:
:
:

No. 108834

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 6, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. AD17915031

---

### *Appearances:*

Scott J. Friedman, *for appellant.*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Anthony R. Beery, Assistant Prosecuting
Attorney, *for appellee.*

SEAN C. GALLAGHER, P.J.:

{¶ 1} Appellant A.G. ("father"), who is the father of Z.J. ("the child"), appeals the decision of the Juvenile Division of the Cuyahoga County Court of Common Pleas that terminated his parental rights and granted permanent custody

of the child to the Cuyahoga County Division of Children and Family Services ("CCDCFS" or "the agency"). Upon review, we affirm the judgment of the trial court.

**Background**

{¶ 2} On October 5, 2017, CCDCFS filed a complaint alleging the child to be a neglected child and requesting temporary custody. The complaint raised a number of allegations pertaining to the inability of the child's mother to provide adequate care for her children. The complaint alleged that father was convicted of aggravated assault and was currently incarcerated, that he had not established paternity, and that he had "failed to support, visit, or communicate with the child since the child's birth." The trial court granted predispositional temporary custody to the agency, and the child was placed in foster care. In the course of proceedings, father did establish paternity for the child.

{¶ 3} Father and the child's mother stipulated to the allegations of an amended complaint. On January 8, 2018, the trial court adjudicated the child to be dependent and committed the child to the temporary custody of CCDCFS.

{¶ 4} On July 24, 2018, CCDCFS filed a motion to modify temporary custody to permanent custody. At that time, father had been released from state prison and his whereabouts had not been made known to the agency. It was later discovered that father had been incarcerated in a federal prison in West Virginia.

{¶ 5} The matter proceeded to a hearing on the agency's motion on June 3, 2019. Neither parent was present. The trial court denied a motion for continuance that was filed by father's trial counsel.

{¶ 6} CCDCFS presented testimony from the social worker on the case, who was subject to cross-examination by father's trial counsel. The social worker's testimony reflects that neither parent substantially completed case plan services. The social worker testified that mother was not consistent with and had not followed through on case plan services, she lacked stable housing, and she failed to visit the child regularly. The social worker also testified that father was repeatedly incarcerated and that he was not due to be released from federal prison to a halfway house until the following month. The guardian ad litem recommended permanent custody to CCDCFS as being in the best interest of the child.

{¶ 7} The trial court issued a decision on June 21, 2019, that terminated the parental rights of the child's mother and father and committed the child to the permanent custody of CCDCFS. The trial court made the required determinations pursuant to R.C. 2151.414(B) and considered all relevant factors in finding, by clear and convincing evidence, that it was in the best interest of the child to grant permanent custody to CCDCFS. The trial court's decision includes a number of findings that were supported by competent, credible evidence in the record, including that "[t]he parent is repeatedly incarcerated, and the repeated incarceration prevents the parent from providing care for the child."

{¶ 8} Father timely filed this appeal. He raises three assignments of error for our review.

**Law and Argument**

{¶ 9} Under his first assignment of error, father claims that the trial court abused its discretion and violated his due process rights when it proceeded without him at the permanent custody hearing.

{¶ 10} An incarcerated parent does not have an absolute right to be present at a permanent custody hearing. *In re J.F.*, 12th Dist. Butler No. CA2019-01-004, 2019-Ohio-3172, ¶ 16. "Generally, no due process violation occurs when an incarcerated parent does not appear at a parental rights termination hearing, as long as the parent has alternate means of participating." *In re S.U.*, 12th Dist. Clermont No. CA2014-07-055, 2014-Ohio-5748, ¶ 23, citing *In re S.F.T.*, 12th Dist. Butler Nos. CA2010-02-043, CA2010-02-044, CA2010-02-045, and CA2010-02-046, 2010-Ohio-3706. Further, "[o]ther procedural protections, such as representation by counsel, may be sufficient to ensure that a parent's due process rights are preserved." *In re J.F.* at ¶ 16.

{¶ 11} Additionally, in determining whether the due process rights of an incarcerated parent have been infringed, Ohio courts have applied the test set forth by the United States Supreme Court in *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), to determine a parent's due process rights. *See, e.g., In re S.F.T.* at ¶ 9; *In re M.M.*, 4th Dist. Meigs No. 14CA6, 2014-Ohio-5111, ¶ 44. Under the *Mathews* test, a court balances "(1) the private interest affected; (2) the risk of erroneous deprivation and the probable value of additional safeguards; and (3) the governmental burden of additional procedural requirements." *In re C.M.*, 9th Dist.

Summit Nos. 23606, 23608, and 23629, 2007-Ohio-3999, ¶ 14, citing *Mathews* at 335.

{¶ 12} We recognize that father has a fundamental interest in the care, custody, and control of his child; however, the child has a stronger interest in being placed in a stable, secure, and nurturing home without undue delay. *See In re M.M.* at ¶ 46. At the time of the permanent custody hearing, father was incarcerated in a segregated unit in federal prison, and he was not permitted to be transferred or to appear by video conference. Father was provided meaningful representation by his attorney throughout the proceedings; his attorney fully participated in the permanent custody hearing and represented his interests; and a complete record was made.

{¶ 13} Although father maintains that he was not afforded the opportunity to be present or otherwise heard, he fails to show what evidence he might have offered if he had participated more meaningfully in the hearing, or how that evidence might have affected the outcome of the proceedings. At the time the case was filed, father was incarcerated in a state prison for an aggravated robbery offense and he had failed to support, visit, or communicate with the child since the child's birth. Father had since been incarcerated in a federal prison; he was not set to be released to a halfway house until the following month; and he had not completed case plan services. Also, there would have been a burden to the court and opposing counsel in providing a continuance, and it was not in the best interest of the child to delay the child's need for permanency.

{¶ 14} Under these circumstances, no due process violation occurred. Appellant's first assignment of error is overruled.

{¶ 15} Under his second assignment of error, father claims the trial court abused its discretion in denying his motion for continuance. We review the trial court's denial of a motion for continuance for an abuse of discretion. *In re J.C.*, 8th Dist. Cuyahoga No. 106272, 2018-Ohio-2234, ¶ 10. An appellate court may find that a trial court abused its discretion only if it finds that the decision of the trial court was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 16} Pursuant to R.C. 2151.414(A)(2), the trial court is to hold the permanent-custody hearing no later than 120 days after the agency files its motion except for "good cause shown" for a reasonable continuance, and the court is to dispose of the motion for permanent custody no later than 200 days after the agency files its motion. Additionally, pursuant to Juv.R. 23, "[c]ontinuances shall be granted only when imperative to secure fair treatment for the parties."

{¶ 17} Father's trial counsel filed a motion for continuance a few days before the hearing due to father's incarceration. The trial court addressed the motion before proceeding with the hearing. Both CCDCFS and the child's guardian ad litem opposed the request for continuance, noting the length of time that the case had been pending and since the agency's motion was filed. The trial court determined that it was in the best interest of the child to proceed with the hearing.

{¶ 18} By the time of the dispositional hearing, well over 200 days had lapsed since the filing of the motion for permanent custody and the child had been in the custody of CCDCFS for over a year and a half. Father was not due to be released to a halfway house until the following month and had not completed case plan services. Also, the record reflects that father was represented by competent counsel and that a continuance would have inconvenienced opposing counsel, the social worker, and the guardian ad litem, who were present and ready to proceed with the hearing. Father, who failed to suggest how his presence might have affected the outcome of the proceedings, established neither good cause for a continuance, nor that a continuance was imperative to secure fair treatment for the parties.

{¶ 19} After examining the record in this case, we conclude that the trial court properly exercised its discretion in denying the requested continuance. Father's second assignment of error is overruled.

{¶ 20} Under his third assignment of error, father claims he was denied effective assistance of counsel. Ohio courts recognize that the established test for ineffective assistance of counsel used in criminal cases applies to permanent custody proceedings. *See, e.g., In re P.A.R.*, 8th Dist. Cuyahoga No. 107736, 2019-Ohio-1446, ¶ 44; *In re L.C.*, 2d Dist. Montgomery Nos. 27174 and 27175, 2016-Ohio-8188, ¶ 12. In order to substantiate a claim of ineffective assistance of counsel, the appellant must show A(1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that but for counsel's errors, the proceeding's result would

have been different.@ *State v. Perez*, 124 Ohio St.3d 122, 2009-Ohio-6179, 920 N.E.2d 104, & 200, citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. The defendant has the burden of proving his counsel rendered ineffective assistance. *Perez* at & 223.

{¶ 21} Father claims that his trial counsel was ineffective for failing to ensure father's meaningful participation in the hearing, and as a result, the trial court issued a decision without any input from father. However, the record reflects that father's trial counsel attempted to reach appellant in federal prison but was unable to do so because appellant was in a segregated unit. Trial counsel sought a continuance of the hearing, provided competent representation, effectively cross-examined the social worker, and filed proposed findings of fact and conclusions of law. Furthermore, father fails to demonstrate how the outcome of the proceeding would have been different if he had the opportunity to more meaningfully participate. Thus, even had there been any deficiency in counsel's performance, father has failed to demonstrate any prejudice. In light of the record before us, we cannot conclude that there was a reasonable probability that the result of the proceeding would have been different. Father's third assignment of error is overruled.

**Conclusion**

{¶ 22} We affirm the trial court's decision awarding permanent custody of the child to CCDCFS and terminating the parental rights of father.

{¶ 23} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
SEAN C. GALLAGHER, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
MICHELLE J. SHEEHAN, J., CONCUR