[Cite as *In re A.G.*, 2026-Ohio-268.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE A.G., ET AL.                          :

Minor Children                             :                    No. 115558

[Appeal by A.H., Father]                :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 29, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. AD23902129, AD23902130 and AD23902131

---

### *Appearances:*

Gregory T. Stralka, *for appellant.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Joseph C. Young, Assistant Prosecuting Attorney, *for appellee.*

EILEEN A. GALLAGHER, J.:

{¶ 1} A.H., who is the father of the three children (the "Children") involved in this child custody case, appeals the juvenile court's denial of his request for a continuance. For the following reasons, we affirm the trial court's judgment.

## I.  Facts and Procedural History

{¶ 2} On February 16, 2023, the Cuyahoga County Division of Children and Family Services ("CCDCFS" or the "agency") filed a complaint alleging that the Children were neglected by their mother and requesting temporary custody to A.H. On April 25, 2023, A.H. filed a motion for legal custody of the Children. On May 22, 2023, the Children were adjudicated neglected and placed in the temporary custody of CCDCFS. A.H.'s motion for legal custody was denied.

{¶ 3} On January 18, 2024, CCDCFS filed a motion to modify temporary custody to permanent custody. The court held a dispositional review hearing on January 30, 2024, on CCDCFS' motion. A.H. and his counsel were present at this hearing.

{¶ 4} On February 1, 2024, A.H. filed a motion for legal custody of the Children to be granted to his mother. On March 1, 2024, CCDCFS amended its permanent custody motion to "legal custody of [the Children] to paternal grandmother." On December 24, 2024, CCDCFS modified its custody motion again, requesting that permanent custody of the Children be granted to the agency.

{¶ 5} The court held a hearing on this permanent custody motion on March 13, 2025. A.H. and his attorney were present at this hearing, which was continued to April 8, 2025. On March 21, 2025, notice of the April 8, 2025 hearing on CCDCFS' motion for permanent custody of the Children was served on A.H. A.H. was present at the April 8, 2025 hearing.

{¶ 6} Thereafter, the court granted several continuances of the dispositional hearing.

{¶ 7} On August 6, 2025, the juvenile court held another dispositional hearing on CCDCFS' motion to modify temporary custody to permanent custody of the Children. A.H. did not appear at this hearing, although his attorney was present. A.H.'s attorney requested a continuance. The court found that A.H. had notice of the hearing and the case had "been continued numerous times." The court denied the continuance and the hearing proceeded. The hearing reconvened two days later, on August 8, 2025. A.H. was present for this second day of the hearing. On August 28, 2025, the court issued a journal entry terminating A.H.'s parental rights and granting permanent custody of the Children to CCDCFS.

{¶ 8} A.H. appeals raising one assignment of error for our review.

> I. The trial court's denial of Appellant's request for a continuance was an abuse of discretion since Appellant was not arraigned on the subsequent motion modification seeking permanent custody after he had agreed to legal custody.

## II. Law and Argument

{¶ 9} Appellate courts review a trial court's denial of a motion for a continuance for an abuse of discretion. *In re Z.J.*, 2020-Ohio-383, ¶ 15 (8th Dist.). An abuse of discretion is "a court exercising its judgment, in an unwarranted way, in regard to a matter over which is has discretionary authority." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

{¶ 10} The Ohio Supreme Court has held that "[s]everal factors can be considered" when reviewing the denial of a continuance, including "the length of

delay requested, prior continuances, inconvenience, the reasons for the delay, whether the [requesting party] contributed to the delay, and other relevant factors." *State v. Landrum*, 53 Ohio St.3d 107, 115 (1990). *See also State v. Unger*, 67 Ohio St.2d 65, 67-68 (1981).

{¶ 11} Pursuant to Juv.R. 23, "[c]ontinuances shall be granted only when imperative to secure fair treatment for the parties." Additionally, pursuant to Cuyahoga Loc.Juv.R. 35(C):

> No case will be continued on the day of trial or hearing except for good cause shown, which cause was not known to the party or counsel prior to the date of trial or hearing, and provided that the party and/or counsel have used diligence to be ready for trial and have notified or made diligent efforts to notify the opposing party or counsel as soon as he/she became aware of the necessity to request a postponement. This rule may not be waived by consent of counsel.

{¶ 12} Our review of the record in this case shows that A.H.'s counsel requested a continuance in open court on the day of the hearing. The request did not include a specific time frame. As the court noted, the case had been continued multiple times. A.H.'s counsel's reason for requesting the continuance was A.H.'s unexplained absence from the hearing. The hearing proceeded on August 6, 2025. Present at this hearing were A.H.'s counsel, the mother of the Children, the mother's counsel, the mother's guardian ad litem, a representative from CCDCFS, the Children's guardian ad litem, the juvenile court judge and juvenile court staff. Witnesses testified and evidence was presented at this hearing.

{¶ 13} In applying these facts to the *Landrum* test, Juv.R. 23 and Cuyahoga Loc.Juv.R. 35(C), we find that it would have been a significant inconvenience to the

litigants, witnesses, attorneys and court if a continuance was granted. *See In re A.M.N.*, 2022-Ohio-2048 (8th Dist.). We further find that A.H. was the sole contributor to the request for a continuance. The record reflects that A.H. had notice of the August 6, 2025 hearing and, pursuant to Juv.R. 23, we cannot say that a continuance was "imperative to secure fair treatment for the parties." Additionally, pursuant to Cuyahoga Loc.Juv.R. 35(C), no good cause was shown, which is required to grant a continuance of a court proceeding on the day of that proceeding. We also find that there was no showing of "diligence" on behalf of A.H. or his counsel to ensure he was present and ready for the hearing.

{¶ 14} Upon review, we find that the court acted within its discretion by denying A.H.'s last-minute and unjustified request for a continuance of the dispositional hearing. Accordingly, his sole assignment of error is overruled.

{¶ 15} We are aware that, as part of his assignment of error, A.H. alleged that he was not arraigned on CCDCFS' motion to modify temporary custody to permanent custody. This allegation was not assigned as a separate error on appeal; nonetheless, we note that A.H.'s position is not supported by the law. In *In re J.D.*, 2018-Ohio-4118, ¶ 28 (8th Dist.), this court held that Juv.R. 29(B), which governs arraignments in juvenile court, does not apply to dispositional hearings in child custody cases. "Juv.R. 29(B) only applies to adjudicatory hearings; it does not apply to the hearing at issue here, which . . . was a dispositional hearing." *Id.*

{¶ 16} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

EILEEN T. GALLAGHER, P.J., and
MICHAEL JOHN RYAN, J., CONCUR